CARNES, Circuit Judge:
In 2001, Herbert Rozier was convicted of distributing crack cocaine in violation of 21 U.S.C. § 841(a). In calculating his pre-United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentencing guidelines range, the district court applied the United States Sentencing Guidelines § 4B1.1 (Nov. 2000) career offender enhancement because Rozier had “two pri- or felony convictions of ... a crime of violence.”[1] One of the two prior felony convictions that the court found was a “crime of violence” and that made Rozier a career offender was a Florida felony conviction for battery on a law enforcement officer in violation of Fla. Stat. § 784.07(2)(b).[2] The career offender enhancement led to a guidelines range of 151 to 188 months imprisonment. Rozier objected to the enhancement, but the district court overruled that objection and sentenced him to 151 months in prison. Rozier appealed his sentence, contending that his prior conviction for felony battery on a law enforcement officer was not a conviction for a crime of violence under U.S.S.G. § 4B1.2(a).
In 2002, we affirmed Rozier’s sentence. United States v. Rozier, 37 Fed.Appx. 499 (11th Cir.2002) (table) (unpublished) (Rozier I). In rejecting his argument that his Florida felony conviction for battery on a law enforcement officer did not qualify as a crime of violence, we explained: “Although the battery of a law enforcement officer may be committed without actual violence, in committing the unlawful touching the offender creates the potential for violence to the officer, a violent response on the officer’s part, and a risk of harm to bystanders.” Id. In the nomenclature used in this type of case, our holding was that although Rozier’s Florida battery on a law enforcement officer conviction did not qualify as a crime of violence under the elements clause of § 4B1.2(a)(l), it did qualify as a crime of violence under the residual clause of § 4B1.2(a)(2). See e.g., Sykes v. United States, — U.S. —, 131 S.Ct. 2267, 2273-76, 180 L.Ed.2d 60 (2011); James v. United States, 550 U.S. 192, 196-209, 127 S.Ct. 1586, 1591-98, 167 L.Ed.2d 532 (2007); United States v. Chitwood, 676 F.3d 971, 975-81 (11th Cir.2012).[3] Two of *683 our sister circuits later reached the same conclusion about similar offenses involving battery on a law enforcement officer, holding that those offenses qualify as § 4B1.2(a)(2) crimes of violence or ACCA' violent felonies under the residual clause. See United States v. Williams, 559 F.3d 1143, 1149 (10th Cir.2009) (holding that an Oklahoma conviction for battery on a police officer under a statute that criminalized the slightest touching qualified as a crime of violence under residual clause of the career offender guideline because, among other things, “[s]uch battery involves an overt act against the police officer — thereby not only initiating a confrontation, but risking a serious escalation in violence”); United States v. Dancy, 640 F.3d 455, 469-70 (1st Cir.2011) (concluding that a Massachusetts conviction for assault and battery on an officer qualifies as a violent felony under the residual clause of the ACCA, because it “nearly always poses a serious risk of actual or potential physical force and the likelihood of physical injury” and because the serious risk of injury is heightened by the fact that “law enforcement officers usually carry weapons when on duty”) (quotation marks omitted).
In 2011, Rozier filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, claiming that the sentencing court had erred in finding that his prior Florida felony conviction for battery on a law enforcement officer was a crime of violence for purposes of the U.S.S.G. § 4B1.1 career offender enhancement and that this Court had erred in rejecting that contention when we affirmed his sentence. He relied on the Supreme Court’s decision in Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), which the Court issued nearly eight years after our decision in his direct appeal. In Johnson, the Court held that Florida’s felony battery offense is not a “violent felony” under the ACCA’s elements clause, 18 U.S.C. § 924(e)(2)(B)(i).[4] 130 S.Ct. at 1274. The Court, however, explicitly refused to decide whether that offense was a crime of violence under the ACCA’s residual clause. Id.
The district court rejected Rozier’s claim and dismissed his § 2255 motion. It reasoned that even if it had been error to apply the career offender enhancement in the case, “[a]n error that would justify a reversal on a direct appeal will not necessarily support a collateral attack on a final judgment” because “the question is whether the asserted error invokes an omission inconsistent with the rudimentary demands of fair procedure or a fundamental defect which inherently results in a complete miscarriage of justice.” The court, however, granted a certificate of appealability on the following issue: “[WJhether Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), should be given retroactive application so that Rozier’s career offender classification should be eliminated and he should be re-sentenced.” Contrary to our dissenting colleague’s selective reading, Dissenting Op. at 687, the COA does cover the ques *684 tions we address in this opinion by asking us to consider (1) whether the Johnson decision is retroactively applicable and (2) if it is, whether Rozier’s career offender classification should be eliminated in light of that decision. See, e.g., McCoy v. United States, 266 F.3d 1245, 1248 n. 2 (11th Cir.2001) (“Although our review is limited to the issues specified in the COA, we will construe the issue specification in light of the pleadings and other parts of the record.”) (quotation marks omitted).
The government concedes, and we take it as a given, that the Supreme Court’s Johnson decision is retroactively applicable. That does not, however, mean that Johnson entitles Rozier to § 2255 relief from the application of the career offender enhancement in his case, from the resulting sentence, and from our decision affirming that sentence and rejecting his claim on direct appeal. At least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a § 2255 proceeding. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir.2000) (“Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.” (alteration, citation, and quotation marks omitted)); see also Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974) (“[E]ven though the legal issue raised in a § 2255 motion was determined against the applicant on the merits on [direct appeal], the applicant may nevertheless be entitled to [collateral review on the legal issue] upon showing an intervening change in the law.” (emphasis added) (alteration and quotation marks omitted)); Fuller v. United States, 398 F.3d 644, 648-49 (7th Cir.2005) (holding that a movant could not relitigate his ineffective assistance of counsel claim in a § 2255 motion because the decision he relied on as an intervening change in law had “no relevance” to his case and gave the court “no reason to disturb the law of the case”); United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir.2004) (“Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues.”); White v. United States, 371 F.3d 900, 902 (7th Cir.2004) (“Invoking the doctrine of the law of the case, the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal.”); United States v. Sanin, 252 F.3d 79, 85 (2d Cir.2001) (“Therefore, because [the movant’s] arguments were considered previously, and because there has been no intervening change in the law entitling [him] to revisit issues already fully litigated, we find that [he] is procedurally barred from raising the issues presented in his current § 2255 petition.”); Oliver v. United States, 90 F.3d 177, 179-80 (6th Cir.1996) (holding that a movant “could not ... use a § 2255 petition to relitigate” a sentencing guidelines issue that was “fully and fairly presented on direct appeal” because there had not been “an intervening change in the law”); United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (“We believe the other two issues raised in the motion to vacate were fairly encompassed in [the movant’s] direct appeal. Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255. There is no new law applicable to [the movant’s] criminal conduct that would inure to his benefit.” (citations omitted)).
The question, then, is whether the Supreme Court’s Johnson decision is a change in the controlling law that was *685 applicable at the time of Rozier’s sentencing and at the time we affirmed his sentence. The answer is no. We do not “rejoice,” Dissenting Op. at 690, over that answer any more than our dissenting colleague rejoices over his opportunity to disagree with our answer. Instead, we arrive at that answer, as we are required to do, based on the precedent of this Court on direct appeal in this case.
What the Supreme Court did in Johnson is agree with our conclusion in Rozier I that the Florida crime of battery on a law enforcement officer is not a crime of violence under the elements clause of U.S.S.G. § 4B1.2(a)(l) (or its counterpart in 18 U.S.C. § 924(e)(2)(B)(i)). Compare Johnson, 130 S.Ct. at 1268-73 (holding that the Florida felony offense of battery is not a “violent felony” under the ACCA’s elements clause), with Rozier I, 37 Fed.Appx. at 499 (table) (“[T]he battery of a law enforcement officer may be committed without actual violence .... ”). An agreement is not a disagreement. We affirmed Rozier’s sentence based on the residual clause of U.S.S.G. § 4B1.2(a)(2). See Rozier I, 37 Fed.Appx. at 499 (table) (holding that “in committing the unlawful touching the offender creates the potential for violence to the officer, a violent response on the officer’s part, and a risk of harm to bystanders.”). The Supreme Court in Johnson did not reach the issue of whether the Florida crime of battery is a crime of violence under the residual clause of § 4B1.2(a)(2) (or its counterpart in 18 U.S.C. § 924(e)(2)(B)(ii)). See Johnson, 130 S.Ct. at 1274 (explicitly refusing to address or remand for the court of appeals to address whether “Johnson’s 2003 battery conviction is a ‘violent felony’ within the meaning of the so-called ‘residual clause’ in § 924(e)(2)(B)(ii)”); United States v. Schneider, 681 F.3d 1273, 1282 (11th Cir.2012) (“ Johnson did not construe the residual clause at all, just whether battery defined as touching ‘no matter how slight ... even a tap on the shoulder’ had as an element ‘physical force.’”). There having been no change in controlling law since we affirmed Rozier’s sentence, § 2255 relief may not be granted on a basis that is inconsistent with our judgment on appeal.[5]
We also note, for the sake of completeness, that there is no miscarriage of justice here. Rozier’s sentence would also stand under the modified categorical approach, which remains unaffected by Johnson. See Johnson, 130 S.Ct. at 1273 (explaining that the “modified categorical approach that we have approved permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record — including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instruc *686 tions and verdict forms”) (quotation marks and citation omitted).
When sentencing Rozier, the district court adopted the findings of fact in the presentenee investigation report, including its account of how Rozier committed the crime of battery on a law enforcement officer, an account that was unchallenged:
According to the arrest report, on January 16, 1996, police officers responded to 480 N.W. 2 Way in Pompano Beach, reference a prowler. The victim described a black male wearing a Dolphin jacket who had been looking into the front window of his residence. The defendant was observed walking in a south bound direction. He was stopped and asked if he had been at the above address, to which he answered, “yes.” A large bulge was observed in the defendant’s left front pocket. During a pat down, the defendant removed something from his right front pocket. He attempted to conceal the item and began swinging his arms and fist. The defendant became violent, thrashing his arms violently, resisting the efforts of the officers to handcuff him. The defendant also kicked violently striking the driver’s door of the police vehicle and [sic] leaving a dent. The defendant broke free and began running in an easterly direction. A police canine tracked Rozier to a tree. The defendant struck the dog with his fist. From Rozier’s right hand, police retrieved a small brown baggie which contained six cocaine rocks. The rocks tested positive. He was released from imprisonment on October 4, 1998.
We have held that, when determining whether an offense is a violent felony (or crime of violence) under the modified categorical approach, a district court can rely on the facts set forth in the PSI if they are undisputed and thereby deemed admitted. See United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir.2006) (holding that “the district court did not err in relying on the undisputed facts in Bennett’s PSI to determine that his prior convictions were violent felonies under the ACCA”); see also United States v. Beckles, 565 F.3d 832, 843 (11th Cir.2009) (explaining that “where an ambiguity exists and the underlying conviction may be examined,” in addition to Shepard materials the district court “also may base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented”). Based on the undisputed facts before it, the district court could have determined under the modified categorical approach that Rozier’s conviction for felony battery on a law enforcement officer was a crime of violence. What the other panel of this Court held on direct appeal in this case was that Rozier’s prior conviction fit within the residual clause, and the facts found by the district court at sentencing fully support that conclusion.
Our colleague’s dissenting opinion is based on a fundamental misunderstanding. It contends without any support that the § 4Bl.l(a) enhancement that was applied at sentencing in this case is “an enhancement that we all agree is error,” Dissenting Op. at 689; that “[w]e know [the] enhancement was error,” id.; that “[w]e know that the enhancement of his sentence was error,” id. at 690; and that we “all know the result is error,” id. at 690. We disagree with those assertions.
We have not decided, do not all agree, and certainly do not know that the application of the enhancement by way of the residual clause in § 4B1.2(a)(2) was error. One and only one court has ever addressed that specific issue, and that was the panel of this Court (consisting of three other judges), which decided on direct appeal that Rozier’s conviction for battery on a police officer was a crime of violence, not *687 under the elements clause of § 4B1.2(a)(l) but under the residual clause of § 4B1.2(a)(2). There has been no contrary-decision on that issue by any court. The Supreme Court in Johnson specifically and expressly declined to decide the residual clause issue. Johnson, 130 S.Ct. at 1274; see Schneider, 681 F.3d at 1282. Our dissenting colleague says we fail to “analyze whether Johnson is in conflict with Rozier I.” Dissenting Op. at 689. To the contrary, we recognize that it is not and that the Supreme Court expressly declined to address the issue a panel of this Court decided in Rozier I. So what we do know is that this specific issue was decided against Rozier on direct appeal and there has been no intervening decision to the contrary. That is the basis upon which we must decide this case under the law, which we must follow.
AFFIRMED.[6]

.As we explained in United States v. Chitwood, 676 F.3d 971, 975 (11th Cir.2012), "[u]nder § 4B1.2 of the guidelines, any state or federal offense that is punishable by more than one year of imprisonment can be a crime of violence if it fits within one of three categories.” The first category of crimes, sometimes referred to as “elements clause” crimes, has "as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 4B 1.2(a)(1). The second category includes the enumerated crimes of "burglary of a dwelling, arson, or extortion” and those involving the "use of explosives.” Id. § 4B 1.2(a)(2). The third category, sometimes referred to as "residual clause” crimes, includes those crimes that "otherwise involve!] conduct that presents a serious potential risk of physical injury to another.” Id.

. A person commits battery on a law enforcement officer if he “[a]ctually and intentionally touches or strikes [a law enforcement officer] against the will of the [officer]; or [intentionally causes bodily harm to [the officer]” while the officer is engaged in the lawful performance of his or her duties. Fla. Stat. §§ 784.03(l)(a), 784.07(2).

. In Sykes and James, the Supreme Court interpreted the definition of "violent felony” under the Armed Career Criminal Act, 18 U.S.C. § 924(e). “In determining whether a conviction is a crime of violence under U.S.S.G. § 4B1.2, we also rely on cases interpreting the residual clause of the [ACCA] *683 because the § 4B1.2 definition of crime of violence’ and ACCA’s definition of 'violent felony’ are substantially the same.” Chitwood, 676 F.3d at 975 n. 2 (citation omitted); see also United States v. Archer, 531 F.3d 1347, 1350 n. 1 (11th Cir.2008).

. In United States v. Williams, 609 F.3d 1168, 1169-70 (11th Cir.2010), we held that, based on the Court's decision in Johnson, “the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the ‘crime of violence’ enhancement criteria as defined under the [elements clause] of section 4B 1.2(a)(1) of the sentencing guidelines.”

. To the extent that Rozier contends that the decision in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), requires that he be given § 2255 relief from our decision affirming his sentence, that contention is unpersuasive. The Begay case did not involve a Florida battery conviction, an element of which is purposeful, violent, or aggressive conduct. Instead, it involved a DUI conviction, which does not require purposeful, violent, or aggressive conduct. Begay, 553 U.S. at 145, 128 S.Ct. at 1586. As the Supreme Court explained, DUI statutes “impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all,” conduct that need not be purposeful, violent, or aggressive but can be merely negligent or reckless. Id. at 145, 128 S.Ct. at 1586-87. It was for that reason the Court in Begay held that DUI crimes are outside the scope of the residual clause. Because Begay “does not apply to offenses that are not strict liability, negligence, or recklessness crimes,” Chitwood, 676 F.3d at 979, that decision is not an intervening change in the law allowing the district court to override our judgment on direct appeal denying Rozier § 2255 relief.

. Because we dispose of this appeal on the grounds that we do, we have no occasion to decide, and we express no view on, any issue involving limitations imposed by 28 U.S.C. § 2253(c)(2).