[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11993
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00184-LGW-JEG


TERRY N. TAYLOR,

Petitioner-Appellant,

versus

WARDEN,
UNITED STATES OF AMERICA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 22, 2013)

Before TJOFLAT, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Taylor, a *pro se* federal prisoner, appeals the denial by the United States District Court for the Southern District of Georgia of his 28 U.S.C. § 2241 federal habeas corpus petition.[1] On appeal, Taylor argues that his sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), thus resulting in a 300 month sentence. Without the enhancement, he was subject to a ten-year statutory maximum for possession of a firearm by a convicted felon. He argues that he is actually innocent of the ACCA enhancement because, pursuant to the recent Supreme Court decisions in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), and *Johnson v. United States*, 559 U.S. __, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010), his Illinois conviction for theft from a person no longer qualifies as a violent felony. We conclude that Taylor has not shown under § 2255 that he is entitled to bring a § 2241 petition and therefore affirm the district court's ruling.

The availability of habeas relief under § 2241 presents a question of law that we review *de novo. Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal sentence are brought under

---

[1] Taylor's § 2241 petition is an attempt to circumvent the restrictions in 28 U.S.C. § 2255(h) on successive petitions under 28 U.S.C. § 2255. The instant § 2241 petition was filed in the Southern District of Georgia (the district of his confinement), but he is challenging his 2005 sentence in the Northern District of Illinois. Taylor's direct appeal to the Seventh Circuit was unsuccessful, as were his subsequent § 2255 petitions.

28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003), *cert.*

*denied*, 124 S. Ct. 258 (2003). A provision of § 2255, however, permits a federal

prisoner, under very limited circumstances, to challenge the legality of his

detention by filing a habeas petition pursuant to § 2241. *See* 28 U.S.C. §§ 2241(a),

2255(e). That provision, known as the "savings clause," provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who
> is authorized to apply for relief by motion pursuant to this section,
> shall not be entertained if it appears that the applicant has failed to
> apply for relief, by motion, to the court which sentenced him, or that
> such court has denied him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective to test the legality of
> his detention.

28 U.S.C. § 2255(e). Accordingly, a court may entertain a § 2241 petition if the

petitioner establishes that the remedy provided for under § 2255 is "inadequate or

ineffective to test the legality of his detention." *Sawyer*, 326 F.3d at 1365.

When a prisoner has previously filed a § 2255 motion to vacate, he must

apply for and receive permission from the court of appeals before filing a

successive § 2255 motion. 28 U.S.C. § 2255(h). Such restrictions on successive §

2255 motions, standing alone, do not render that section inadequate or ineffective

within the meaning of the savings clause. *Gilbert v. United States*, 640 F.3d 1293,

1308 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S. Ct. 1001 (2012). Rather, a

petitioner's claim might meet the requirements of the savings clause only if: "(1)

3

that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott,* 177 F.3d 1236, 1244 (11th Cir. 1999). A prisoner must satisfy all three prongs of this test before the *Wofford* threshold is met.

In an *en banc* decision, we recently addressed the issue of whether the § 2255(e) savings clause permitted a federal prisoner to challenge his sentence, as opposed to his conviction, in a § 2241 petition when the § 2255(h) bar against successive § 2255 motions prevented him from raising that sentencing claim. *Gilbert*, 640 F.3d 1293. We held that the § 2255(e) savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." *Id*. at 1323. However, we specifically declined to address whether the § 2255(e) savings clause would authorize a federal prisoner to bring a § 2241 petition if a sentencing error resulted in a sentence that exceeded the statutory maximum. *Id.* at 1306.

4

The statutory maximum sentence for a conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), is ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA authorizes an enhanced penalty, with a mandatory minimum sentence of 15 years' imprisonment, for a defendant who violates § 922(g) and who "has three previous convictions" for "a violent felony." *Id.* § 924(e)(1). The ACCA enhancement resulted in Taylor's receiving a 300-month sentence.

The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). The first clause of § 924(e)(2)(B) is known as the "elements clause"; the second half of the second clause is known as the "residual clause."

In assessing whether a prior conviction qualifies as a violent felony for purposes of the ACCA, we generally apply a "categorical approach," looking no further than the statutory definition of the offense and the judgment of conviction. *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010). When

5

the statute is ambiguous–covering conduct that constitutes a violent felony, as well as conduct that does not–we may employ a "modified categorical approach" and examine the facts underlying the conviction, but we do so only in order to determine the statutory basis for the conviction. *Id*. at 1336-37. In doing so, we may consult "any charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id*. at 1337.

At Taylor's July 29, 2005, sentencing hearing for his conviction of possession of a firearm by a felon, the United States District Court for the Northern District of Illinois reviewed Taylor's prior felony convictions for eligibility for enhancement under the ACCA. The district court determined that Taylor's 1989 conviction for theft from a person was a violent felony under § 924(e)(2)(B)(ii).[2] The district court relied on the Seventh Circuit's holding in

---

[2]   The Illinois theft statute under which Taylor was convicted provided that: A person commits theft when he knowingly: (a) Obtains or exerts unauthorized control over property of the owner; ... and (1) Intends to deprive the owner permanently of the use or benefit of the property; ... (e) Sentence.... (4) Theft of property from the person not exceeding $300 ... is a Class 3 felony.
38 ILL. COMP. STAT. ANN. § 16-1 (West 1988).  In his brief, Taylor states that he was convicted under the provision of the Illinois statute dealing with "theft of property, other than a firearm, not from the person." The information in Taylor's theft case states that he "knowingly obtained unauthorized control over property from the person of Christina Peterson" and the transcript of his plea colloquy shows that he pleaded guilty to "the offense of theft as charged in the information."

*United States v. Howze*, 343 F.3d 919 (7th Cir. 2003), where the court held that theft from a person under Minnesota's theft statute was a violent felony under § 924(e)(2)(B)(ii). The *Howze* court reasoned that theft from a person, like the enumerated crime of burglary in § 924(e)(2)(B)(ii), "entail[s] a risk that violence will erupt between the thief and the victim." 343 F.3d at 923. The risk of violence and injury posed by such confrontation was sufficient to bring theft from a person "within the statutory definition" of a violent felony under the ACCA. *Id.* at 924.

Taylor appealed his sentence to the Seventh Circuit, arguing that the district court erred in not considering a statement filed by the State's Attorney after he pleaded guilty that described the acts underlying his conviction as nonviolent. The Seventh Circuit affirmed Taylor's sentence. *United States v. Taylor*, 179 F. App'x. 957 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 311 (2006). The court held that the State's Attorney's statement was outside the scope of documents that courts could, per *Shepard v. United States*, consider in determining whether a crime was a violent felony under the ACCA. *Id.* at 962. The court also held that the district court had properly relied on *Howze* and that there was "no relevant distinction" between the Minnesota provision at issue in *Howze* and Illinois' theft from a person provision. *Id.* at 961 n.2. Taylor then filed two petitions for relief under § 2255. The district court denied the first and dismissed the second for lack of

jurisdiction.[3]

In the years since the resolution of Taylor's direct appeal, the Supreme Court has issued several opinions analyzing whether a particular crime fell within the ambit of the ACCA's enhancement provision. *See James v. United States*, 550 U.S. 192, 127 S. Ct. 1586, 167 L. Ed. 2d 532  (2007); *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008); *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687, 172 L. Ed. 2d 484 (2009); *Johnson v. United States*, 559 U.S. __, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010); *Sykes v. United States*, 564 U.S. __, 131 S. Ct. 2267, 180 L. Ed. 2d 60 (2011). Taylor argues that the holdings of two of these opinions, *Johnson* and *Begay*, declassify theft from a person as a violent felony under the ACCA and that he was therefore sentenced to a term of imprisonment beyond the statutory maximum.[4] Taylor argues that he is entitled to

---

[3]    Taylor's first § 2255 petition raised claims of ineffective assistance of counsel. His second § 2255 petition was filed as a motion pursuant to Fed. R. Civ. P. 60(b)(6), which the district court construed as a § 2255 motion because it was its functional equivalent. That motion challenged his sentence enhancement under *Begay* and *Chambers v. United States*, 555 U.S. 122 129 S. Ct. 687, 172 L. Ed. 2d 484 (2009). It was dismissed as an unauthorized successive petition. Taylor's § 2255 petitions were filed in the Northern District of Illinois, the district of his conviction. His subsequent § 2241 petitions were filed in the Southern District of Georgia, the district of his confinement.

[4]    Taylor's solitary and conclusory statement that his conviction "does not meet the elements test under the residual clause" in *James* does not sufficiently present the issue for appellate review. *Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

8

have his claim decided in a § 2241 petition because § 2255(e)'s savings clause should apply to sentencing claims such as his, the question left open in *Gilbert*. He further argues that he meets *Wofford*'s requirements for accessing the savings clause because: 1) *Johnson* and *Begay* are retroactive decisions, 2) their holdings establish that theft from a person is not a violent felony and he is therefore actually innocent of the ACCA enhancement, and 3) *Howze* had previously squarely foreclosed his claim.

The government has conceded that the first and third prongs of *Wofford* are met, so we need not address those. Nor must we decide the *Gilbert* question of whether § 2255(e)'s savings clause applies to claims that a sentencing error resulted in a sentence beyond the statutory maximum. Even if we were to allow such sentencing claims, Taylor still could not satisfy *Wofford*'s second prong because *Johnson* and *Begay* do not declassify theft from the person as a violent felony.

First, *Johnson* is not applicable to Taylor's claim because it does not implicate the ACCA's residual clause, under which Taylor's offense was deemed a violent felony. In *Johnson* the Supreme Court held that the Florida felony offense of battery was not a violent felony under the ACCA's elements clause, § 924(e)(2)(B)(I). *Johnson*, 559 U.S. at __, __, 130 S. Ct. at 1268, 1274. The

9

Court reasoned that, "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at __, 130 S. Ct. at 1271. Because the felony offense of battery in Florida encompassed "*any* intentional physical contact, 'no matter how slight,'" the Court determined that the offense did not entail the violent force necessary to fall under the ACCA's elements clause. *Id.* at __, 130 S. Ct. at 1270 (citation omitted). The Court did not consider whether the offense qualified as a violent felony under the ACCA's residual clause and declined to remand the case for that issue to be considered. *Id.* at __, __, 130 S. Ct. at 1272, 1274; *see also United States v. Schneider*, 681 F.3d 1273, 1282 (11th Cir. 2012) (noting that "*Johnson* did not construe the residual clause at all"); *Rozier v. United States*, No. 11-13557, 2012 WL 5870123, at *1 (11th Cir. Nov. 21, 2012) (noting that the *Johnson* Court "explicitly refused to decide whether that offense was a crime of violence under the ACCA's residual clause").

Though *Begay* does implicate the ACCA's residual clause, the decision still fails to assist Taylor. In *Begay*, the Court interpreted the list of enumerated crimes in the first clause of § 924(e)(2)(B)(ii) as having a limiting effect on the second clause of § 924(e)(2)(B)(ii). 553 U.S. at 141-43, 128 S. Ct. at 1584-85. The Court concluded that the second clause did not cover all crimes that involved a "serious

10

potential risk of physical injury to another," but only those crimes that were "roughly similar, in kind as well as in degree of risk posed" to burglary, arson, extortion, or crimes involving the use of explosives. *Id.* at 142-43, 128 S. Ct. at 1585 (citation omitted). The Court explained that all of the ACCA's enumerated crimes "typically involve purposeful, violent, and aggressive conduct" and that this type of conduct "is such that it makes more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim." *Id.* at 144-45, 128 S. Ct. at 1586 (quotations omitted). The Court distinguished "crimes involving intentional or purposeful conduct (as in burglary and arson)" from strict liability crimes such as the driving under the influence offense at issue in the case before it. *Id.* at 146, 128 S. Ct. at 1587. "In both instances, the offender's prior crimes reveal a degree of callousness toward risk, but in the former instance they also show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." *Id.*

Three years later the Court recalibrated its *Begay* analysis in *Sykes v. United States*. The Court described *Begay* as "[t]he sole decision of this Court concerning the reach of ACCA's residual clause in which risk was not the dispositive factor." *Sykes v. United States*, 564 U.S. at __, 131 S. Ct. at 2275. The Court called the "purposeful, violent, and aggressive" phrase an "addition to the statutory text" and

11

explained that it had been used in the context of analyzing "a crime akin to strict liability, negligence, and recklessness crimes." *Id.* at __, 131 S. Ct. at 2275-76.

This Court recently joined several other circuits in interpreting *Sykes* as limiting the "purposeful, violent, and aggressive" test to offenses that are strict liability, negligence, or recklessness crimes. *United States v. Chitwood*, 676 F.3d 971, 979 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 288 (2012). Thus, after *Sykes* and *Chitwood*, "[o]ffenses that are not strict liability, negligence, or recklessness crimes qualify as crimes of violence under ... [the] residual clause if they categorically pose a serious potential risk of physical injury that is similar to the risk posed by one of the enumerated crimes. At least where the previous conviction required knowing or intentional conduct, it is enough if that conviction was for a crime that generally creates as much risk of physical injury as one of the enumerated crimes." *Id.* at 979 (citation omitted). This standard is not materially different from that applied by the Seventh Circuit in *Howze* to theft from a person, which is not a strict liability, negligence, or recklessness crime. *See Howze*, 343 F.3d at 924 (explaining that the risk of injury posed by theft from a person was "at least as likely (in the aggregate) as injury from burglary"). For these reasons, *Begay*, as interpreted by *Sykes* and *Chitwood*, creates no change in the governing standard–the *Howze* standard–which was applied by the court which convicted

12

and sentenced Taylor and the court which denied his direct appeal (i.e., the Northern District of Illinois and the Seventh Circuit). In other words, *Begay* simply does not apply to Taylor's claim.

In order to access relief under § 2241 via § 2255(e)'s savings clause, a petitioner's claim must "rest upon a circuit law-busting, retroactively applicable Supreme Court decision." *Wofford*, 177 F.3d at 1245. *Johnson* and *Begay* do nothing to undermine the Seventh Circuit's analysis in *Howze*–i.e., the analysis applied at Taylor's sentence and on his direct appeal–that theft from a person is a violent felony under the ACCA. Therefore, § 2255(e)'s savings clause does not apply to Taylor's claim.

**AFFIRMED.**

13