[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12528
_____

D.C. Docket Nos. 1:10-cv-23033-JIC,

1:96-cr-00075-JIC-27

ROGELIO LAZARO GALVEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 5, 2013)

Before MARCUS, BLACK and SILER,* Circuit Judges.

PER CURIAM:

_____

* Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Rogelio Galvez appeals the district court's denial of his *pro se* 28 U.S.C. § 2255 motion to vacate his 360-month sentence for conspiring to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1). In 1999, Galvez was sentenced as a career offender under U.S.S.G. § 4B1.1. This was based, in part, on facts in Galvez's pre-sentence investigation report (PSI) detailing his prior conviction for aggravated battery, which the district court found qualified as a "crime of violence" under § 4B1.1(a). In his § 2255 motion, Galvez argues the district court's reliance on the PSI in 1999 runs afoul of the Supreme Court's recent decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010). Galvez claims that *Johnson* bars district courts from relying upon factual descriptions in a PSI when determining whether a prior conviction qualifies as a § 4B1.1(a) "crime of violence." After reviewing the record and the parties' briefs, as well as having had the benefit of oral argument, we affirm.[1]

Procedural default is a threshold issue in a § 2255 case. *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). When a petitioner fails to raise an available issue on direct appeal, he is procedurally barred from presenting such a claim in a § 2255 proceeding. *Id.* at 1196. An issue is "available" on direct appeal "when its merits can be reviewed without further factual development."

---

[1] When considering a district court's denial of a § 2255 motion, we review questions of law de novo and findings of fact for clear error. *Varela v. United States*, 400 F.3d 864, 867 n.3 (11th Cir. 2005). We can affirm the district court's judgment for any reason supported by the record. *See McKay v. United States*, 657 F.3d 1190, 1195–96 (11th Cir. 2011).

2

*Lynn v. United States*, 365 F.3d 1225, 1232 n.14 (11th Cir. 2004) (internal quotation marks omitted).

Galvez's challenge was available on direct appeal as no additional fact-finding was necessary for him to appeal his sentence on this ground. Galvez, however, did not directly appeal his sentence, nor has he explained his failure to raise this argument on direct appeal. It is no excuse that *Johnson* was decided years after Galvez's 1999 sentence. The "building blocks" for Galvez's claim were in existence at the time of sentencing. *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). *Johnson* is a direct descendant of the Supreme Court's 1990 decision in *Taylor v. United States*, 495 U.S. 575 (1990). *See, e.g.*, *Johnson*, 130 S. Ct. at 1273 (relying on *Taylor*, among other cases, for the claim Galvez seeks to make in his § 2255 motion). If Galvez believed his career offender status was improper, he could have made that claim on direct appeal—just as the plaintiff in *Johnson* later did. *See McCoy*, 266 F.3d at 1258. The question for purposes of procedural default, after all, is "not whether subsequent legal developments have made counsel's task *easier*, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986) (emphasis added). Here, Galvez's claim was available, it was not raised on

3

direct appeal, and he has not argued on appeal that either exception to the procedural default rule preserves his claim.[2]

Alternatively, even if we reached the merits of Galvez's claim, he is not entitled to relief. In *United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009), we explained that when ambiguities in the judgment permit a district court to look at the facts of an underlying conviction to determine whether it qualifies as a "crime of violence," the district court "may base its factual findings on undisputed statements found in the PSI." We have adhered to this rule in the § 2255 context even in the wake of *Johnson*. *See Rozier v. United States*, 701 F.3d 681, 685–86 (11th Cir. 2012). Galvez concedes that he did not object to the PSI's factual description of his aggravated battery offense. The district court, therefore, did not err by relying on the undisputed facts in Galvez's PSI during sentencing.

In conclusion, Galvez's § 2255 motion is procedurally defaulted, as he did not raise his claim on direct appeal, but rather waited eleven years to file this § 2255 motion in the aftermath of *Johnson*. Even if we entertained Galvez's claim on the merits, he is not entitled to relief under binding Circuit precedent.

---

[2] Even if Galvez had, neither exception would apply. *See Dretke v. Haley*, 541 U.S. 386, 394 (2004) (stressing courts must construe the exceptions to procedural default narrowly). First, Galvez cannot show "cause and actual prejudice." *See Ward v. Hall*, 592 F.3d 1144, 1176 (11th Cir. 2010). The district court's purported error did not "work[] to his *actual* and substantial disadvantage," *see id.* at 1178, because Galvez cannot show he would have received a lesser sentence without the career offender enhancement. Second, Galvez's procedural default is not excused under the "actual innocence" exception, because challenging one's career offender status is not a claim of *factual* innocence; it is instead an argument about *legal* innocence. *See McKay*, 657 F.3d at 1197–1200.

Accordingly, the district court's denial of Galvez's 28 U.S.C. § 2255 motion to vacate his sentence is **AFFIRMED.**