[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11008
Non-Argument Calendar

_____

D.C. Docket Nos. 4:13-cv-00142-WTM-GRS,
4:09-cr-00416-WTM-GRS-1

JAMES BERNARD JONES, JR.,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 27, 2015)

Before MARCUS, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

James Bernard Jones, Jr. appeals the district court's denial of his 28 U.S.C. §

2255 motion to vacate his 160-month sentence for distributing cocaine.  At his

2010 sentencing, the district court designated Mr. Jones as a career offender under § 4B1.1 of the United States Sentencing Guidelines, relying in part on Mr. Jones' 2001 Florida conviction for felony battery on a law enforcement officer ("BOLEO").  Mr. Jones argues that his attorney provided ineffective assistance by failing to object to the district court's consideration of his BOLEO conviction as a qualifying offense and failing to object to facts set out in the presentence investigation report about the BOLEO.  After careful review of the record and the parties' briefs, we affirm.

## I

Mr. Jones pled guilty in February of 2010 to one count of distributing a substance containing at least five grams of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) & (b)(1)(C).  The PSI recommended that the district court designate Mr. Jones as a career offender under U.S.S.G. § 4B1.1.  The PSI listed two qualifying offenses: (1) a 1998 conviction for strong arm robbery (which Mr. Jones does not challenge); and (2) the 2001 BOLEO conviction.  Regarding the BOLEO, the PSI stated, in part:

> On October 9, 2000, at 1:19 a.m., Fort Lauderdale (Florida) Police Department Officer David Fernando attempted to stop a vehicle driven by Jones due to the vehicle not having brake lights; however, Jones fled in his vehicle and refused to stop.  The defendant eventually stopped the vehicle and fled on foot.  Officer Fernando saw the defendant hiding between two vehicles and attempted to approach from a different angle.  As Officer Fernando approached, Jones pushed the officer to the ground by using both hands.  The defendant

2

fled again and was not apprehended. Officer Fernando knew the defendant injured his hand while jumping over a fence and notified the local hospitals. Jones was arrested after he visited the hospital to have his hand injury treated.

PSI at ¶ 66.

During the sentencing hearing in March of 2010, the district court asked Mr. Jones if he had the opportunity to read and discuss the PSI with his attorney. He responded that he did. The district court also asked if Mr. Jones had any objections to the PSI's factual accuracy or to how the sentencing guidelines were applied within it. He replied, "No, sir, Your Honor."[1] The district court then asked Mr. Jones' attorney if he had any objections, and the attorney responded that there were none. The district court found that Mr. Jones was a career offender, which gave him a total offense level of 29, a criminal history category of VI, and a resulting guidelines range of 151 to 188 months. The district court sentenced Mr. Jones to 160 months' imprisonment.

Mr. Jones raised several arguments on direct appeal, including a claim that the district court erred when it considered his BOLEO conviction a qualifying offense for the career offender enhancement. He argued that the United States Supreme Court's decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010), and this court's subsequent decision in *United States v. Williams*, 609 F.3d 1168 (11th

---

[1] Mr. Jones did object during his sentencing hearing to the PSI's inclusion of an alias, but this objection is not an issue before us today.

3

Cir. 2010), meant that a BOLEO could never qualify as a crime of violence under the Sentencing Guidelines. We affirmed the district court's sentence. *See United States v. Jones*, 408 F. App'x 258 (11th Cir. 2011). We held that while a BOLEO conviction, standing alone, could not qualify as a crime of violence under § 4B1.2(a)(1) of the guidelines, Mr. Jones' failure to object to the facts in the PSI allowed the district court to properly consider them as it would any other *Shepard*-approved records.[2] Based on the facts as stated in the PSI, we concluded that Mr. Jones' BOLEO conviction met the definition of a crime of violence found in U.S.S.G. § 4B1.2(a)(1). *See id.* at 261-62.

Mr. Jones then filed the instant § 2255 motion, arguing in part that his attorney provided ineffective assistance for failing to object to the district court's consideration of his BOLEO offense as a qualifying offense for a career offender enhancement. The magistrate judge recommended denying Mr. Jones's motion because Mr. Jones could not show that his attorney provided deficient performance. Because Mr. Jones did not object to the BOLEO facts in the PSI, the magistrate judge concluded that any objection Mr. Jones' attorney could have raised would have been meritless. The magistrate judge also concluded that Mr.

---

[2] *See Shepard v. United States*, 544 U.S. 13 (2005). *Shepard* held that in certain instances, a sentencing court can look beyond the fact of a prior conviction to determine whether it qualifies for enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In those instances, the court is limited to a crime's statutory elements, charging documents, plea agreements, plea colloquies, or explicit judicially-found facts to which the defendant assented. *See id.* at 16.

Jones could not demonstrate prejudice.  Mr. Jones filed objections to the magistrate judge's recommendation, denying the facts in the PSI.  He argued that the district court was not permitted to consider facts outside of *Shepard*-approved records and that his attorney was ineffective for failing to object to the district court's reliance upon non-*Shepard*-approved records when considering his prior conviction.  The district court adopted the magistrate's recommendation without elaboration.

Mr. Jones appealed the denial of his § 2255 motion on several grounds.  We granted a COA on the limited issue of whether Mr. Jones' attorney "was ineffective for failing to object at sentencing that [Mr.] Jones did not qualify for a career-offender enhancement."  Mr. Jones raises the same arguments on appeal as he did before the district court.  He also attached a copy of the state court's judgment on his BOLEO conviction, which provides no factual information about his offense.[3]

## II

A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo.  *See Gordon v. United States*, 518 F.3d 1291, 1296 (11th Cir. 2008).  To prevail, Mr. Jones must establish that his attorney's performance was deficient and that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  A strong

---

[3] The government does not argue that the record contains any other *Shepard*-approved documents providing factual information about Mr. Jones' BOLEO.

presumption exists "that counsel's conduct falls within the wide range of reasonable professional assistance," but a defendant can overcome that presumption by showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 689.  If counsel was deficient, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* at 687.  *See also id.* at 684 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

### III

### A

The Sentencing Guidelines provide an enhancement for defendants who are adjudicated as career offenders.  Under § 4B1.1,

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

At issue here is the definition of a "crime of violence."  The Sentencing Guidelines define a "crime of violence" in § 4B1.2 as

6

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

We have described this definition as comprising three categories: (1) elements clause crimes, which meet the definition in the first prong; (2) enumerated clause crimes, involving the crimes listed in the second prong; and (3) residual clause crimes, which include crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." *Rozier v. United States*, 701 F.3d 681, 682 n.1 (11th Cir. 2012) (internal quotation marks and citations omitted) (bracketed alteration in original).

## B

Mr. Jones argues that he received inefficient assistance of counsel because our precedent prevented the district court from considering his BOLEO as a crime of violence under the elements clause. Even if this were true, however, Mr. Jones' claim fails because he cannot show that he was prejudiced by his attorney's performance. Assuming—without deciding—that Mr. Jones' attorney indeed rendered ineffective assistance by failing to object to the facts presented in the PSI,

7

the district court could still have adjudicated him a career offender under the residual clause in § 4B1.2(a)(2).

We have held—following Mr. Jones' direct appeal but prior to the filing of his instant § 2255 motion—that a BOLEO is categorically a violent felony under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir. 2013) ("[B]ecause the risk of serious physical injury attendant to battery on a law enforcement officer renders the crime a potential hotbed of melee and violence, it easily qualifies as a violent felony under the ACCA's residual clause."). *See also Rozier*, 701 F.3d at 686 (describing how this Circuit—in an unpublished opinion that became the law of the case during a subsequent habeas appeal—held that a BOLEO was a crime of violence under the residual clause in § 4B1.2(a)(2)). We have also held that the definitions for "violent felony" under ACCA and "crime of violence" under the sentencing guidelines are "virtually identical," and thus, decisions interpreting one provision apply to the other. *See Gilbert v. United States*, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (en banc).[4]

---

[4] The PSI did not state whether it concluded the BOLEO was a qualifying offense based on the definition of "crime of violence" found in U.S.S.G. § 4B1.2(a)(1) or § 4B1.2(a)(2). And the district court did not announce under which provision it adjudicated Mr. Jones as a career offender. But even if the district court relied upon § 4B1.2(a)(1)—under which a different panel of this Circuit analyzed his claims on direct appeal—it does not matter. We can affirm "for any reason supported by the record, even if not relied upon by the district court." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012).

So, even if Mr. Jones' attorney had objected to the PSI's inclusion and the district court's consideration of facts about his BOLEO conviction, the fact that Mr. Jones was convicted of a BOLEO—standing alone—was and is sufficient to adjudicate him a career offender under the residual clause found in § 4B1.2(a)(2). Mr. Jones has therefore failed to show that a reasonable probability existed that, but for his attorney's failure to object, he would not have been given a career offender enhancement under the guidelines.

## IV

We affirm the district court's denial of Mr. Jones' § 2255 motion.

**AFFIRMED**.