[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14125
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80032-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICHOLAS MAIDA,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 25, 2016)

Before JULIE CARNES, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Nicholas Maida appeals his 180-month sentence, which the district court imposed after he pled guilty to one count of violating 18 U.S.C. §§ 922(g) and 924(e)(1) by possessing a firearm and ammunition as a convicted felon.  The district court applied an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on its determination that, in addition to two prior violent felonies that Maida does not contest, Maida had been convicted of four offenses under Florida's burglary statute, Fla. Stat. Ann. § 810.02, which the court concluded qualified as violent felonies for ACCA purposes.  After careful review of the record and the parties' briefs, we vacate Maida's sentence and remand with instructions that he be resentenced without the ACCA enhancement.

## I.

After Maida pled guilty, the probation office prepared a presentence investigation report ("PSI").  According to the PSI, Maida had a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2).  The PSI applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense.   It also applied a six-level ACCA enhancement under U.S.S.G. § 4B1.4(b)(3)(A).  Under the ACCA, an individual convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years if he has three previous federal or state convictions "for a violent felony or a serious drug

2

offense, or both, committed on occasions different from one another."  18 U.S.C.

§ 924(e)(1).  Section 924(e) defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one
> year. . . that—
>
> (i)      has as an element the use, attempted use, or threatened
>          use of physical force against the person of another; or
>
> (ii)     is burglary, arson, or extortion, involves use of
>          explosives, or otherwise involves conduct that presents a
>          serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B).

With a three-level reduction for acceptance of responsibility under U.S.S.G.

§ 3E1.1, Maida's total offense level was 31.  The PSI also calculated a criminal

history category of VI.  In listing Maida's prior convictions, the PSI failed to

identify which convictions qualified as predicate offenses for the ACCA

enhancement.  Combining a criminal history category of VI with a total offense

level of 31, the PSI arrived at a guidelines range of 188 to 235 months'

imprisonment.  It noted that the statutory minimum term of imprisonment under

the ACCA was 15 years.

According to objections to the PSI that Maida filed before sentencing, his

probation officer advised via email that the ACCA enhancement was based on the

following predicate offenses:  a 2005 conviction for aggravated battery with a

deadly weapon; two convictions for burglary of a dwelling in 2006 and 2008; a

2006 attempted burglary conviction; a 2006 conviction for burglary of a structure; and a 2007 robbery conviction. As relevant here, Maida objected to the ACCA's application on the ground that the four burglary convictions, each charged under Fla. Stat. § 810.02, failed to meet the requirements for "burglary" as enumerated in section 924(e)(2)(B)(ii). He also objected to application of the ACCA's residual clause—which designates a crime as a violent felony if it is not enumerated but "otherwise involves conduct that presents a serious potential risk of physical injury to another"—to his prior burglary offenses because, he asserted, the clause was unconstitutionally vague.

In response to the objections, the government "agree[d] that under *Taylor* [*v. United States*, 495 U.S. 575 (1990)], Fla. Stat. § 810.02 does not qualify as a generic burglary as enumerated in 18 U.S.C. § 924(e)(2)(B)(ii)." Doc. 37 at 3-4.[1] It nonetheless defended the enhancement on the "alternative" ground that Maida's convictions under Fla. Stat. § 810.02 qualified as violent felonies under the ACCA's residual clause. *Id.* at 4-9.

At sentencing, Maida's counsel reiterated the objection that a conviction under Florida's burglary statute did not qualify as the enumerated offense of burglary. Counsel stated that the "Government, in their response, appear to concede that the prior burglary convictions do not qualify as generic burglaries,

---

[1] "Doc." refers to the docket entry in the district court in this case.

4

and are not the type [of] burglary enumerated in Section 924(e)(2)(B)(ii)." Doc. 62 at 4. Defense counsel argued that, "after *Descamps*, *Howard*, and *Jones*, [cases addressing the proper analysis for whether a conviction qualifies as an enumerated offense,[2]] it is questionable whether a[n ACCA predicate] conviction [under Florida's] overbroad, non-generic [statute] exists." *Id.* at 7. And, defense counsel asserted, the government had failed to meet its burden to demonstrate that Maida's convictions were for the enumerated offense of burglary. *Id.* at 7-10. In response, the government never argued that the convictions under Fla. Stat. § 910.02 qualified as enumerated burglary offenses, nor did it mention the ACCA's enumerated offense of burglary. Instead, it relied exclusively on its contention that the burglary convictions qualified under the ACCA's residual clause. The district court continued the sentencing to consider these arguments.

When the district court reconvened, it overruled Maida's objections regarding whether his Florida burglary convictions qualified as violent felonies under the ACCA. The court adopted the factual statements and guidelines calculations in the PSI but ultimately varied downward, sentencing Maida to 180 months' imprisonment, the mandatory minimum under the ACCA.

Maida appealed, and briefing concluded in March 2015. While the appeal was pending, on June 26, 2015, the Supreme Court held that the residual clause of

---

[2] *See Descamps v. United States*, 133 S. Ct. 2276 (2013); *United States v. Jones*, 743 F.3d 826 (11th Cir. 2014); *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014).

the ACCA was unconstitutionally vague.  *See Johnson v. United States*, 135 S. Ct. 2551 (2015).  Upon this Court's order, the parties filed supplemental briefing on the impact of *Johnson*, which we now address.

## II.

We review *de novo* a district court's determination that a conviction qualifies as a violent felony under the ACCA.  *United States v. Gandy*, 710 F.3d 1234, 1236 (11th Cir. 2013).  The ACCA divides predicate offenses into three categories.  Under the "elements clause," crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another" subject a defendant to the ACCA enhancement.  18 U.S.C. § 924(e)(2)(B)(i). Under the "enumerated crimes" clause, ACCA predicate offenses include "burglary, arson, or extortion."  *Id.* § 924(e)(2)(B)(ii).  And under the so-called "residual clause," a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is a violent felony for ACCA purposes. *Id.*; *see Rozier v. United States*, 701 F.3d 681, 682 n.1 (11th Cir. 2012) (describing three categories of ACCA predicate offenses).[3]  *Johnson* invalidated the residual clause as unconstitutionally vague; thus, as both parties agree, the clause does not

---

[3] Although *Rozier* concerned a career offender enhancement under the Sentencing Guidelines rather than an ACCA enhancement, we employ "[p]recisely the same analytical framework . . . in ascertaining the scope of a 'crime of violence'" under the career offender guideline "with respect to the question of what kind of conduct comprises a 'violent felony'" under the ACCA.  *United States v. Oliver*, 20 F.3d 415, 418 (11th Cir. 1994).

provide a basis for the enhancement of Maida's sentence. Neither party contends that a conviction under Florida's burglary statute falls within the elements clause.

Rather, in its supplemental briefing, the government for the first time asserts that Maida's burglary convictions constitute crimes of violence under the enumerated crimes clause of the ACCA. During sentencing, Maida vigorously objected to the district court's classification of his Florida burglary convictions as enumerated burglary offenses, and in response the government failed to argue that those convictions qualified under the enumerated crimes clause. Further, the cases the government now cites in support of its argument all were decided before Maida's objections were ruled upon and he was sentenced. *See* Nov. 27, 2015 supplemental letter brief at 3-16. Indeed, throughout the sentencing proceedings, and in this Court until its supplemental letter brief, the government has relied solely upon the status of Maida's convictions as crimes of violence under the ACCA's residual clause. When the district court overruled Maida's objections and ruled that Maida's burglary convictions were crimes of violence, it did not indicate whether the convictions qualified under the enumerated crimes clause or the residual clause, and the government did not request clarification. In fact, the government's remarks at sentencing suggested that the government conceded the inapplicability of the enumerated crimes clause.

7

In short, the government's statements effectively disclaimed reliance on the ground that it now seeks to pursue on remand.  We conclude that the government should not now be permitted to do so.  *See Johnson v. United States*, 559 U.S. 133, 145 (2010) (concluding that, where the government disclaimed reliance on the residual clause at sentencing, it would not be permitted to rely on that ground on remand).

### III.

For the foregoing reasons, we conclude that Maida's sentence may not be enhanced pursuant to the ACCA.  We accordingly vacate his sentence and remand to the district court for resentencing consistent with this opinion.[4]

**VACATED AND REMANDED.**

---

[4] Because we vacate his sentence and remand on this ground, we need not consider any of Maida's alternative challenges to his sentence.