[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10874
_____

D.C. Docket Nos. 1:12-cv-01427-CC; 1:08-cr-00082-CC-1

CHRISTOPHER STOUFFLET,

Petitioner–Appellant,

versus

UNITED STATES OF AMERICA,

Respondent–Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 8, 2014)

Before PRYOR, Circuit Judge, WOOD,* Chief District Judge, EDENFIELD,* * District Judge.

_____

* Honorable Lisa Godbey Wood, Chief United States District Judge for the Southern District of Georgia, sitting by designation.

** Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

PRYOR, Circuit Judge:

This appeal requires us to decide whether a federal prisoner may collaterally attack the voluntariness of his guilty plea in a motion to vacate his sentence, 28 U.S.C. § 2255, after he already presented that issue as an objection to his appointed counsel's motion to withdraw in his direct appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We conclude that the prisoner is procedurally barred from relitigating the voluntariness of his plea. We affirm the denial of the prisoner's motion to vacate his sentence.

## I. BACKGROUND

Christopher Stoufflet conspired with others to establish an online pharmacy in violation of federal law. Customers could order prescription drugs from the online pharmacy by completing a form, which required them to choose the type and quantity of drugs they wanted and to answer certain questions about their medical conditions. The website of the online pharmacy represented that a physician would review those forms before the online pharmacy distributed the drugs, but no physician had face-to-face contact with the customers. The conspirators dispensed over 260 thousand prescriptions, including Schedule III and Schedule IV controlled substances, and generated over $75 million in sales.

On August 8, 2006, a grand jury indicted Stoufflet and six others with engaging in a drug conspiracy, 21 U.S.C. § 846, engaging in a money laundering

2

conspiracy, 18 U.S.C. § 1956(h), money laundering, *id.*§§ 1956, 1957, and distributing controlled substances, 21 U.S.C. § 841. Stoufflet pleaded not guilty and proceeded to trial. In 2007, Stoufflet disclosed that he planned to defend himself at trial on the ground that he lacked the mens rea to conspire because he thought the online business was legal after consulting various attorneys.

Initially, the United States asked Stoufflet to confirm that he intended to rely on that advice-of-counsel defense so that it could interview the attorneys who had advised him. But then in February 2008, the United States filed a motion in limine to exclude Stoufflet's advice-of-counsel defense. The United States argued that the defense was irrelevant. The United States contended that, because Stoufflet was charged with general-intent crimes, not specific-intent crimes, any advice he received from attorneys was not a defense for his illegal conduct.

Then on March 4, 2008, the United States initiated a second criminal proceeding against Stoufflet by filing an information charging him with engaging in a drug conspiracy, 21 U.S.C. §§ 841, 846, and money laundering, 18 U.S.C. § 1957. Stoufflet pleaded guilty the same day. He admitted to "conspir[ing], combin[ing], confederat[ing], agree[ing], and ha[ving] a tacit understanding with others, including . . . [the codefendants], to knowingly and intentionally distribute and dispense Schedule III and IV controlled substances, . . . other than for a legitimate medical purpose and not in the course of professional practice." In

3

exchange for that guilty plea, the United States agreed to dismiss the counts against Stoufflet in the 2006 indictment.

The district court accepted Stoufflet's guilty plea as knowing and voluntary. Three days after Stoufflet pleaded guilty, the district court denied the motion in limine filed by the United States to exclude the advice-of-counsel defense in the prosecution of the 2006 charges. The court ruled, contrary to the argument of the United States, that the crimes were specific-intent crimes and Stoufflet's advice-of-counsel defense was relevant.

Stoufflet then attempted to withdraw his guilty plea. Stoufflet's newly appointed counsel contended in the motion to withdraw that Stoufflet pleaded guilty "under extreme pressure" because his former counsel advised that it was "highly probable" that the district court would grant the motion in limine filed by the United States for the trial of the 2006 charges. He stated that he was "numb" at the plea hearing and that his attorneys forced him into the plea agreement.

The district court conducted a hearing on Stoufflet's motion to withdraw his guilty plea, and Stoufflet and his former counsel testified. The district court denied the motion to withdraw and later sentenced Stoufflet to 70 months of imprisonment and 3 years of supervised release.

Stoufflet filed a direct appeal, and the district court appointed appellate counsel. The appointed appellate counsel moved to withdraw her representation.

*See Anders*, 368 U.S. 738, 87 S. Ct. 1396. In her *Anders* brief, counsel concluded that Stoufflet's potential arguments on appeal were frivolous. Stoufflet filed a response to the *Anders* brief, in which he argued that his plea was invalid because he was unaware of all the elements of the crimes for which he was charged. He explained that he did not understand that conspiracy was a specific-intent crime until the district court denied the motion in limine in the other criminal proceeding.

We granted the appointed counsel's motion to withdraw, and we affirmed Stoufflet's judgment of conviction and sentence. *United States v. Stoufflet*, 424 F. App'x 881 (11th Cir. 2011). We stated, in part, "Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, Stoufflet's motion for the appointment of new counsel is DENIED, and Stoufflet's conviction and sentence are AFFIRMED." *Id.* at 881.

Stoufflet next filed a *pro se* motion to vacate his sentence. 28 U.S.C. § 2255. He stated that he was "obliged to plead guilty" and that the "Court accepted [his] plea without informing him that criminal intent was essential."

The district court denied the motion. Because our Court had rejected Stoufflet's claim that his plea was involuntary when we affirmed his conviction and sentence in his direct appeal, the district court ruled that Stoufflet could not relitigate that issue in a motion to vacate his sentence. But the district court granted a certificate of appealability, which asks whether Stoufflet may again litigate

whether his guilty plea was voluntary even though the appointed appellate counsel and Stoufflet presented that claim in the *Anders* briefing and our Court rejected it on direct appeal.

## II. STANDARD OF REVIEW

When we review the denial of a motion to vacate, 28 U.S.C. § 2255, we review legal conclusions *de novo* and findings of fact for clear error. *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009).

## III. DISCUSSION

It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (internal quotation marks omitted)); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994) ("[P]rior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding."); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal."); *United States v. Johnson*, 615 F.2d 1125, 1128 (5th Cir. 1980) ("When an issue has already been determined on direct appeal, a

6

Court need not reconsider it on a Section 2255 motion."); *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978) ("[A] matter need not be reconsidered on a section 2255 motion if it has already been determined on direct appeal.").

Instead of applying this procedural bar, both Stoufflet and the United States argue about whether the "law of the case" bars Stoufflet's motion to vacate his sentence, but we decline to invoke that doctrine. We have never applied the law-of-the-case doctrine by name to a motion to vacate a prisoner's sentence that raises again an argument raised earlier in a prisoner's direct appeal. *See Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012) (declining to reconsider a claim already decided against a prisoner because there had been no intervening change in law, but not explicitly stating that the law-of-the-case doctrine barred the appeal); *Thomas v. United States*, 572 F.3d 1300, 1304 (11th Cir. 2009) ("Because we find that the law of the case doctrine does not bar review here as to each claim specified in the [Certificate of Appealability], we assume that it could apply in such a scenario.").

The law-of-the-case doctrine is similar to the procedural bar limiting the claims a federal prisoner may bring in a motion to vacate his sentence, but it is unfit to describe the interplay between claims raised in a direct appeal and those raised in a collateral proceeding attacking a final judgment. Like the procedural bar for federal prisoners, the law-of-the-case doctrine bars relitigation of issues that a

court necessarily or by implication decided against the litigant in an earlier appeal. *See Schiavo ex rel. Schindler v. Schiavo ex rel. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005). Even though the law-of-the-case doctrine would control multiple collateral attacks of a sentence, *see Sanders v. United States*, 373 U.S. 1, 9, 83 S. Ct. 1068, 1074 (1963); *Westbrook v. Zant*, 743 F.2d 764, 768 (11th Cir. 1984), that doctrine is an imprecise descriptor for the preclusive effect of a judgment in a direct appeal on a later collateral attack. The law-of-the-case doctrine is intended to "regulate judicial affairs *before* final judgment." 18B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478 (2d ed. 1987) (emphasis added). But when a federal prisoner files a motion to vacate his sentence, the prosecution against him has come to an end. 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Because a motion to vacate a sentence is a collateral attack on a sentence that has become final, the resolution of that motion is not part of the "single continuing lawsuit" beginning with the indictment against the defendant-movant, but neither is it an entirely "separate action" from the criminal proceeding. Wright & Miller, *supra*, § 4478. Even though the clerk dockets a collateral attack by a federal prisoner on the same docket as the original prosecution and even though the same court of appeals that considered his direct

8

appeal will also consider any appeal arising from his collateral attack, the collateral attack is distinct from the original prosecution that ended in a final judgment against the prisoner.

Moreover, we are reluctant to call the procedural bar the "law of the case" because the exceptions to the discretionary law-of-the-case doctrine are in tension with the limited scope of collateral review of federal prisoners' sentences. An appellant may overcome the law-of-the-case doctrine if he presents new and substantially different evidence, if the prior decision was clearly erroneous and would result in a manifest injustice, or if there has been an intervening change in the law. *See This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty., Ga.*, 439 F.3d 1275, 1283–84 (11th Cir. 2006). But Congress and the courts have imposed far greater limitations on collateral attacks than the limitations imposed by the law-of-the-case doctrine and its exceptions. *See* 28 U.S.C. §§ 2241, 2253, 2255; *United States v. Addonizio*, 442 U.S. 178, 185–87, 99 S. Ct. 2235, 2240–41 (1979); *see also Castro v. United States*, 540 U.S. 375, 384, 124 S. Ct. 786, 793 (2003) ("[The law-of-the-case doctrine] simply expresses common judicial practice; it does not limit the courts' power." (internal quotation marks omitted)). For example, new evidence, by itself, is not a ground for relief in a motion to vacate unless that new evidence establishes an error of constitutional proportions or a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*,

9

368 U.S. 424, 428, 82 S. Ct. 468, 471 (1962); *see, e.g.*, *Mills*, 36 F.3d at 1056

("Even if this evidence could support a finding that the property had lost its

wetlands character prior to the appellants' ownership, a finding upon which we

voice no opinion, the time to present this proof was at the trial on the merits.").

Likewise, a court of appeals reviewing a motion to vacate will not disturb a prior

decision—even if so clearly erroneous that it results in manifest injustice—if that

decision did not result in a constitutional error or a complete miscarriage of justice.

*Hill*, 368 U.S. at 428, 82 S. Ct. at 471. And only a limited set of intervening

changes of law warrant setting aside a ruling in the defendant's direct appeal

because not all intervening changes in law have retroactive effect after a judgment

of conviction has become final. *See Teague v. Lane*, 489 U.S. 288, 310–11, 109 S.

Ct. 1060, 1075 (1989) ("Unless they fall within an exception to the general rule,

new constitutional rules of criminal procedure will not be applicable to those cases

which have become final before the new rules are announced."); *McCoy v. United*

*States*, 266 F.3d 1245, 1255 (11th Cir. 2001); *see also Davis v. United States*, 417

U.S. 333, 341–43 & 341 n.12, 94 S. Ct. 2298, 2303–04 & 2303 n.12 (1974)

(rejecting the application of law of the case by a court of appeals because there had

been an intervening change in law, but not deciding whether that intervening

change in law warranted relief because the parties had not argued whether the

change in law was retroactive). The procedural bar for collateral review better

10

addresses these nuances than the common-law doctrine of law of the case, which safeguards decisions of a court of appeals before final judgment. *See* Wright & Miller, *supra*, § 4478 ("Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. . . . After final judgment, direct relief from the judgment is governed by the rules governing direct and collateral attack. . . .").

We acknowledge that the Seventh Circuit has described this procedural bar as the "law of the case." *See, e.g.*, *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005); *Peoples v. United States*, 403 F.3d 844, 847 (7th Cir. 2005). But, unlike the Seventh Circuit, we decline to read the decisions of the Supreme Court in *Sanders* and *Davis* for the proposition that the procedural bar is synonymous with the law-of-the-case doctrine. The Seventh Circuit has relied on *Sanders* for the proposition that federal courts may "employ the more flexible doctrine of law of the case even when rules of preclusion do not govern." *Peoples*, 403 F.3d at 847. But the Supreme Court in *Sanders* applied the doctrine to bar a second motion to vacate because that second motion "sought to retry a claim previously fully considered and decided against" the appellant in his first motion to vacate. 373 U.S. at 9, 83 S. Ct. at 1074 ("[N]othing in § 2255 requires that a sentencing court grant a hearing on a successive motion alleging a ground for relief already fully considered on a prior [§ 2255] motion and decided against the prisoner."). The

11

Seventh Circuit has also relied on *Davis*, but the Supreme Court in *Davis* did not endorse the application of the law-of-the-case doctrine. 417 U.S. at 342, 94 S. Ct. at 2303. Instead, the Supreme Court acknowledged that, when a court considers a prisoner's motion to vacate, the court must consider intervening changes in law that would render a prisoner's conviction invalid. *Id.* at 341 n.12, 346–47, 94 S. Ct. at 2303 n.12, 2305 (explaining that collateral relief is justified if an intervening change in law is retroactive and renders a prisoner guilty "for an act that the law does not make criminal"). But in doing so, the Supreme Court did not purport to apply the exceptions of the law-of-the-case doctrine; it instead applied the rules that govern postconviction review and relief. The intervening change of law, the Supreme Court recognized, might have rendered Davis guilty for an act that the law did not make criminal. *Id.* at 346, 94 S. Ct. at 2305. If so, Davis's final conviction and sentence resulted in a complete miscarriage of justice. *Id.* at 346–47, 94 S. Ct. at 2305. In fact, the Supreme Court has only "[a]ssum[ed] for argument's sake that the doctrine applies" to motions to vacate, and the Court has rejected it as an "insurmountable obstacle" barring reconsideration of a prior judgment. *Castro*, 540 U.S. at 384, 124 S. Ct. at 793.

Instead of adopting the "law of the case" terminology, we conclude that Stoufflet is procedurally barred from relitigating the voluntariness of his plea in a

12

motion to vacate his sentence because he already raised that issue in his direct appeal. *See Nyhuis*, 211 F.3d at 1343.

We reject Stoufflet's argument that his objection to appointed counsel's *Anders* brief should not trigger the procedural bar because the posture pits counsel against defendant. Stoufflet clearly presented the issue of the voluntariness of his plea when he responded to appointed counsel's *Anders* brief. In her *Anders* brief, appointed counsel evaluated the plea colloquy and Stoufflet's motion to withdraw that plea, and she concluded that his plea was knowing and voluntary such that it would be frivolous to appeal the voluntariness of it. Stoufflet objected that his plea was not voluntary because he was misinformed about the elements of his crime. When our Court granted appointed counsel's motion to withdraw, we agreed that her "assessment of the relative merit of [Stoufflet's] appeal [wa]s correct" and affirmed Stoufflet's conviction and sentence "[b]ecause independent examination of the entire record reveal[ed] no arguable issues of merit." *Stoufflet*, 424 F. App'x at 881. We necessarily rejected Stoufflet's contention about the voluntariness of his plea. We agree with the Seventh Circuit that an issue "[p]resented is presented," *White v. United States*, 371 F.3d 900, 902–03 (7th Cir. 2004), even if raised only in the *pro se* response to an *Anders* brief.

Stoufflet's argument that there has been an intervening change in the law of conspiracy, which might warrant reconsideration of his claim previously rejected,

13

is misguided. There has been no retroactive change in law that would render our earlier consideration of Stoufflet's claim incorrect as a matter of constitutional law or a complete miscarriage of justice. *See Rozier*, 701 F.3d at 684–85. Stoufflet contends that our decision in *United States v. Tobin*, 676 F.3d 1264 (11th Cir. 2012), which we decided after his direct appeal, made clear that the sentencing judge should have instructed Stoufflet that his conduct must have been willful to constitute criminal conspiracy. But in *Tobin*, we did not *change* the law of conspiracy. Instead, we clarified that "[w]e have *repeatedly recognized* that a conviction [for a drug conspiracy, 21 U.S.C. § 846,] requires evidence of willfulness on the part of the defendant" and that "the defendant[] must have joined the agreement knowing the unlawful purpose of the plan." *Tobin*, 676 F.3d at 1284–85 (emphasis added). Setting aside whether our decision in *Tobin* would constitute a "new rule," *Teague*, 489 U.S. at 301, 109 S. Ct. at 1070, it is clear that *Tobin* did not change the law of conspiracy.

Stoufflet also urges us to reconsider our earlier rejection of his argument because that decision was clearly erroneous and resulted in a manifest injustice. But for the reasons stated above, we decline to import the exceptions of the law-of-the-case doctrine, including the exception for manifest injustice, to the procedural bar for federal prisoners. When he pleaded guilty, Stoufflet admitted under oath that he conspired to knowingly and intentionally distributing and dispensing

14

controlled substances. After a full hearing, the district court rejected Stoufflet's motion to withdraw that plea. And we later affirmed Stoufflet's conviction over his objection that his plea was involuntary. *Stoufflet*, 424 F. App'x at 881. We refuse to reconsider our previous decision, which procedurally bars Stoufflet from again arguing that his plea was involuntary in a motion to vacate his sentence.

## IV. CONCLUSION

We **AFFIRM** the denial of the motion to vacate Stoufflet's sentence.