UNITED STATES of America,
Plaintiff–Appellee,

v.

**Guy Ennis SMITH, Defendant–Appellant.**

No. 14–12276.

United States Court of Appeals,
Eleventh Circuit.

Feb. 29, 2016.

Susan Hollis Rothstein–Youakim, Arthur Lee Bentley, III, U.S. Attorney's Of-

fice, Tampa, FL, Kelly S. Karase, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Guy Ennis Smith, Arcadia, FL, pro se.

Before ED CARNES, Chief Judge, JILL PRYOR, Circuit Judge, and REEVES,* District Judge.

PER CURIAM:

This is Guy Smith's appeal from the district court's denial of his petition for error coram nobis relief from his 1971 conviction for violating 18 U.S.C. § 704. One of the requirements for coram nobis relief is that the petitioner show that the challenged conviction is "causing a present harm" that is "more than incidental." *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir.2007). Smith long ago finished serving the sentence imposed as a result of the § 704 conviction. He contends, however, that the existence of that conviction is causing him present harm because it is detrimentally affecting his salient factor score for purposes of parole from the life sentence he is currently serving in Florida as a result of an unrelated murder conviction.

In the district court, Smith pleaded and argued the presence of that detrimental effect and current harm, and he proffered some documents relating to the issue, but the government disputed the matter. No evidentiary hearing was held and the district court did not enter any findings about the issue. For those reasons, we will vacate the district court's order denying the petition and remand the case for the court to determine whether Smith's 1971 conviction for violating 18 U.S.C. § 704 is detrimentally affecting his chances of parole or otherwise causing him any present harm. If the parties cannot agree on the facts, the district court should hold an evidentiary hearing and enter findings.

This is a full remand and if the district court finds that Smith has shown he is suffering current harm because of the challenged conviction, it should proceed to determine whether he meets the other requirements for coram nobis relief. The government is free to assert any defenses it has to the petition. We neither state nor imply any view on whether coram nobis relief should be granted in this case.

**VACATED AND REMANDED WITH INSTRUCTIONS.**