[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15486
Non-Argument Calendar
_____

D.C. Docket Nos. 2:15-cv-08046-VEH,
2:13-cr-00412-VEH-SGC-1

CHRISTOPHER SHAWN LINTON,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 20, 2017)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Christopher Shawn Linton appeals the dismissal of his 28 U.S.C. § 2255

motion to vacate his sentence.  Linton received a certificate of appealability

("COA") on whether the District Court erred in determining that he defaulted on his ineffective counsel claim by failing to raise it on direct appeal. Linton argues that his trial counsel (1) failed to investigate and present a former treating physician's diagnosis of his bipolar disorder and (2) did not seek additional time to secure medical records. He contends that, if the District Court found him bipolar, there is a reasonable probability that he would have received a lower sentence.

## I.

Linton pled guilty to wire fraud, mail fraud, money laundering, securities fraud, and bank fraud. For sentencing purposes, Linton alleges that he (1) told his trial counsel he was bipolar, (2) provided trial counsel with a list of treating physicians, including Dr. Narithookil S. Xavier who diagnosed him with bipolar disorder, and (3) spoke with counsel about presenting medical records to establish his bipolar disorder. During the sentencing hearing, his counsel presented a letter from Dr. Steve Bonner, which stated that Linton had been diagnosed with bipolar disorder, but nothing else. The District Court found that the letter did not confirm a bipolar disorder diagnosis, but merely indicated that Linton "had been diagnosed with bipolar disorder." His counsel did not object.

The pre-sentencing report stated that Linton suffered from depression and bipolar disorder, and had attempted suicide twice. The District Court deemed

2

these facts as established for sentencing purposes.[1]  It sentenced Linton to 71 months and ruled that Linton must be kept in a facility capable of caring for his "mental health needs."  The District Judge stated that "[b]ecause I'm going to order that you be placed in a facility where you can receive mental health care treatment, I find that this sentence will provide you with the needed medical care in the most effective manner."

Linton appealed his sentence.  On direct appeal, he raised an ineffective assistance of counsel argument.  This Court held that the record sufficed to "consider and dispose" of his argument.  *United States v. Linton*, 601 F. App'x 914, 916 (11th Cir. 2015).  The District Court "found that a non-incarcerative sentence would not adequately promote respect for the law, [and] also recommended that Linton be placed in a facility that focused on mental health." *Id.*  Therefore, we held that Linton could not demonstrate "a reasonable probability that the result of the proceeding would have been different had counsel objected to the court's finding that his proffered psychiatric evaluation did not constitute a bipolar diagnosis" because the District Court "accounted for Linton's mental health problems while fashioning a sentence." *Id.*  The appeal was dismissed.

---

[1] While the District Court stated that the facts in the pre-sentencing report were established for sentencing purposes, the District Court maintained that it was "not convinced" that Linton had bipolar disorder.

3

Linton then moved to vacate his sentence under § 2255. He asserted two claims. First, he again argued that his counsel was ineffective for failing to object to the finding that Dr. Bonner's evaluation did not constitute a bipolar diagnosis. Second, Linton argued that his counsel was ineffective for failing to investigate and present evidence of his bipolar disorder. The District Court denied the § 2255 motion, ruling that both claims were barred. On the second claim, the District Court determined that Linton never asserted that the merits of his claim required further factual development before being addressed on direct appeal. This made the claim "available," and thus procedurally defaulted. The District Court refused to issue a COA on either issue.

Linton appealed the denial of the COA. This Court granted a COA on the second question:

> Whether the district court erred in determining that Linton's constitutional claim presented in his § 2255 petition that counsel was ineffective for failing to investigate and adequately present evidence of his bipolar disorder was procedurally defaulted because it was available on direct appeal[.]

II.

In reviewing the denial of a § 2255 motion, we review *de novo* the findings of fact for clear error and questions of law. *McKay v. United States*, 657 F.3d

1190, 1195 (11th Cir. 2011). We review *de novo* whether a habeas petitioner's claims are procedurally barred. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1177 (11th Cir. 2010). Claims of ineffective assistance of counsel are mixed questions of law and fact that we review *de novo*. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). When reviewing unsuccessful § 2255 motions, we constrain our inquiry to the issues in the COA. *McKay*, 657 F.3d at 1195. We may affirm for any reason supported by the record, even if the district court did not rely on that reason. *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014).

Under the procedural default rule, defendants who fail to raise an available challenge to a criminal conviction or sentence on direct appeal cannot present that challenge in a § 2255 proceeding, unless an exception applies. *McKay*, 657 F.3d at 1196. Challenges count as available on direct appeal when their merits "can be reviewed without further factual development." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). A habeas petitioner is procedurally barred from raising arguments in § 2255 proceedings that were raised and rejected on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).

To prevail on an ineffective assistance of counsel claim, defendants must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must prove that the counsel made errors "so serious" that he did not function as counsel guaranteed in the Sixth Amendment.

*Id.* Second, the defendant must show that the "deficient performance prejudiced the defense." *Id.* To establish prejudice, the defendant must show a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Osley*, 751 F.3d at 1222. A habeas petitioner carries the burden of establishing both *Strickland* prongs. *Id.* A court need not address both prongs if the petitioner fails to establish one. *Id.*

Here, as the parties concede, Linton's failure-to-investigate claim was not defaulted. His claim is that his trial counsel failed to produce medical records at his sentencing to establish his bipolar disorder. The claim was thus not available on direct appeal because the evidence was not in the record at that time. There was insufficient factual development, and the claim was not available on direct appeal.

Linton cannot establish a reasonable probability, however, that the District Court would have set a different sentence if his bipolar disorder was established. This Court rejected that argument in the direct appeal. We held that Linton could not establish a reasonable probability of a different sentence because the District Court accounted for Linton's mental health problems when setting the sentence. While the District Court did not consider Dr. Xavier's records, Linton does not argue that those records contain new mitigating evidence aside from his bipolar disorder. Since this Court considered and rejected the argument that prejudice resulted from the District Court's skepticism as to the bipolar diagnosis, Linton

cannot establish that he suffered prejudice from ineffective assistance of counsel in his § 2255 motion. *See Stoufflet*, 757 F.3d at 1239. The record supports dismissal.

**AFFIRMED.**