[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12973
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-22552-UU,
1:11-cr-20786-UU-1

REGGIE DAVID SANCHEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 5, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Reggie David Sanchez, a federal prisoner, appeals the district court's order

denying his 28 U.S.C. § 2255 motion to vacate his consecutive 84-month sentence

for possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court granted a certificate of appealability ("COA") on the issue of whether Sanchez's conviction for bank robbery qualified as a violent felony under § 924(c)'s use-of-force clause.

When we review the denial of a motion to vacate, under 28 U.S.C. § 2255, we review legal conclusions *de novo* and findings of fact for clear error.  *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).  Whether a particular claim is procedurally barred is reviewed *de novo.  Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1177 (11th Cir. 2010).  We review *de novo* whether an offense qualifies as a crime of violence under 18 U.S.C. § 924(c).  *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013).  The scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA.  *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).  Arguments not raised on appeal are deemed abandoned.  *Isaacs v. Head*, 300 F.3d 1232, 1246 (11th Cir. 2002).

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking crime.  18 U.S.C. § 924(c)(1).  For the purposes of § 924(c), "crime of violence" means an offense that is a felony and:

> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3)(A), (B).  The former clause is referred to as the "use-of-force" clause, and the latter clause, while sometimes referred to as the "residual" clause, is more appropriately named the "risk-of-force" clause.  *Ovalles v. United States*, 861 F.3d 1257, 1263 (11th Cir. 2017).  We have held that the risk-of-force clause is not void for vagueness in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Id.* at 1265.

A person commits bank robbery if he, "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to [a bank,]" or he "enters or attempts to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank."  18 U.S.C. § 2113(a).  A person commits armed bank robbery if, in committing or attempting to commit an offense defined in subsection (a), he "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."  *Id.* § 2113(d).

In the context of a second-or-successive § 2255 motion application, we have held that armed bank robbery, under 18 U.S.C. § 2113(a) and (d), clearly constituted a "crime of violence" under the use-of-force clause.  *In re Hines*, 824

3

F.3d 1334, 1337 (11th Cir. 2016).  Accordingly, we held that a defendant's conviction under § 924(c) that identified an armed-bank-robbery conviction as the predicate crime of violence would be valid even if the risk-of-force clause were unconstitutional under *Johnson*.  *Id.*

Under the prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc.  United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  The prior-panel-precedent rule applies with equal force as to prior decisions on applications to file second or successive habeas corpus petitions, which are binding precedent in this circuit.  *In re Lambrix*, 776 F.3d 789, 794–95 (11th Cir. 2015) (holding that a prior panel's order regarding an application to file a second or successive habeas corpus petition precluded the applicant's instant application to file a second or successive habeas corpus petition).  Further, prior-panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel.  *Id.* at 794.

Because our precedent establishes that armed bank robbery, in violation of 18 U.S.C. § 2113(d), qualifies as a crime of violence under the use-of-force clause, the district court did not err in denying Sanchez's § 2255 motion.

**AFFIRMED.**

4