[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12298

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

WESAM DAKER,
A.A. BUTCH AYERS, Chief,
CHARLES M. WATERS, Chief,
STEVE K. SHAW, Major,
G. LORENZO, Sergeant, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-01636-WMR

_____

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

In this appeal, we consider whether *Heck v. Humphrey*, 512 U.S. 477 (1994), bars a prisoner's § 1983 claim and whether the district court properly dismissed some of the prisoner's claims for failure to obey a court order. We affirm in part and reverse in part, remanding for further proceedings.

I

Waseem Daker, a litigious Georgia prisoner, filed a pro se civil complaint in federal court alleging four categories of claims: (1) state tort claims against his brother for damaging and attempting to steal his real and personal property after Daker was imprisoned; (2) a state tort claim against a number of city officials for not properly investigating his brother's actions; (3) a retaliation claim against the same city officials for refusing to pursue criminal charges against his brother after Daker complained about their inadequate investigation; and (4) a federal constitutional claim under 42 U.S.C. § 1983 alleging that all defendants denied Daker access to the courts by conspiring to fabricate evidence against him.

Based on a magistrate judge's recommendation, the district court ordered Daker to file an amended complaint that complied with Federal Rule of Civil Procedure 20(a)(2)(A), which provides that multiple defendants may be joined in one action only when any right to relief asserted against them arises out of the same

transaction(s) or occurrence(s). Daker filed an amended complaint that contained materially identical allegations, but in a different order. The district court dismissed without prejudice all except the § 1983 claim regarding fabrication of evidence on the ground that Daker had failed to obey the court's order.

Then, the magistrate judge separately recommended that Daker's § 1983 claim be dismissed under *Heck*, which bars any § 1983 claim for damages that, if successful, would necessarily imply the invalidity of a criminal conviction. Daker was given 14 days after service of the magistrate judge's January 31, 2020 report to object, and he was warned that failure to do so would waive any challenge on appeal. Daker filed objections, which he dated February 17, 2020. The district court adopted the magistrate judge's recommendation, noting an "absence of objections," and dismissed Daker's § 1983 claim. Daker filed a Rule 59(e) motion to vacate the district court's order and moved for leave to file a second amended complaint. The district court denied both motions. Daker appealed.

Before us, Daker raises two issues. First, he argues that the district court erred in denying his motion to vacate the dismissal of his § 1983 claim as barred by *Heck*. Second, he contends that the district court abused its discretion by dismissing his other claims.[1]

---

[1] When reviewing the denial of a motion to vacate, we review legal conclusions de novo and findings of fact for clear error. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). We review the involuntary

4                    Opinion of the Court                    20-12298

We reverse the district court's dismissal of Daker's § 1983 claim and affirm the dismissal of his remaining claims.

## II

As a preliminary matter, Daker contends that the district court erred by refusing to consider his objections to the magistrate judge's report and recommendation before dismissing his § 1983 claim. After the magistrate judge's report was mailed to Daker on January 31, 2020, he had 14 days to object. 28 U.S.C. § 636(b)(1)(C). Under Federal Rule of Civil Procedure 6(d), though, three days were added to this period because Daker was served by mail, so he had until February 17, 2020 to object. *See* Fed. R. Civ. P. 6. Under the prison mailbox rule, a pro se prisoner is deemed to have filed a document on the date he delivers it to prison authorities for mailing. *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). And absent contrary evidence, a prisoner's filing is deemed to have been delivered for mailing on the day he signed it. *Washington v. United*

---

dismissal of claims for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1991) (per curiam).

We note that Daker did not list the order dismissing his other claims in his notice of appeal, and ordinarily, that failure would prevent any challenge to that order. But we construe Daker's notice of appeal liberally considering his pro se status and his clear intention to appeal that order, as evidenced by the fact that he devoted nearly half of his brief to it. *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) ("In this circuit, it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." (cleaned up)).

*States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Daker signed his objections on February 17, 2020, and there is no evidence that he delivered them for filing at a later date, so the district court erred in disregarding them in its order dismissing Daker's § 1983 claim. Even so, we conclude that the court's error was harmless because it considered and addressed Daker's objections before ruling on his motion to vacate.

On the merits, Daker asserts that the district court erred by dismissing his § 1983 claim under *Heck*. In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." 512 U.S. at 487 (emphasis added). In his first amended complaint, Daker alleged that all defendants "conspired and agreed to fabricate evidence against [him] in his Cobb County criminal case." The district court reasoned that on its face, Daker's complaint "clearly demonstrates that he claims that Defendants fabricated evidence in connection with his criminal case," so *Heck* is implicated. And, the court continued, if Daker's contention was that the fabrication occurred after his conviction, then he "cannot demonstrate injury because he had already been convicted of the crimes when the alleged fabrication occurred."

We hold that the district court erred in concluding that *Heck* bars Daker's claim. True, on its face, Daker's allegation that the defendants conspired to fabricate evidence in connection with his

6                    Opinion of the Court                    20-12298

"Cobb County criminal case" might seem to suggest a collateral attack on his original criminal conviction. We needn't decide whether this sort of allegation of fabricated evidence would result in the sort of necessary implication that *Heck* demands. *Cf. Dyer v. Lee*, 488 F.3d 876, 879–80 (11th Cir. 2007) (reasoning that a claim is *Heck*-barred only when resolution of the claim necessarily invalidates the underlying conviction, such as by negating one of the elements of the underlying offense). The reason is that, here, Daker has specified that, in fact, his contention is that the defendants conspired to fabricate evidence against him in 2018— six years after he was convicted in 2012—in an effort to frustrate his post-conviction efforts. With that clarification, it seems clear enough that a favorable ruling on this claim would not necessarily imply the invalidity of his original conviction. We remand to the district court to determine whether the alleged fabrication of evidence sufficiently hindered Daker's post-conviction efforts that he suffered an injury that can be remedied through this litigation.

## III

The district court did not abuse its discretion in dismissing Daker's other claims. In recommending dismissal of those claims, the magistrate judge observed that Daker had impermissibly "raised claims based on different actions by different persons and which involve different facts and questions of law." The magistrate judge explained that defendants may be joined in a single action only when the claims asserted against them arise "out of the same transaction, occurrence, or series of transactions or occurrences."

Fed. R. Civ. P. 20(a)(2)(A).  The magistrate judge counseled Daker which claims he could assert in a single complaint and which claims he should assert in separate actions, and she advised Daker that failure to separate his claims may risk their dismissal.  In its order adopting the magistrate judge's recommendation, the district court ordered that Daker "MUST FILE" a pleading that complied with the magistrate judge's directions.

Generally, "[a] district court has inherent authority to manage its own docket" to "achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation marks omitted).  This authority permits the court to dismiss a claim if the plaintiff fails to comply with a reasonable court order. *Id.*  In the circumstances of this case, the district court did not abuse its discretion, considering (1) Daker's "abusive filer" status in the Northern District of Georgia; (2) the fact that he was given the opportunity to pursue all his claims in separate complaints; and (3) the magistrate judge's explicit forewarning that some of his claims would be dismissed if he failed to separate them. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (per curiam) (noting that dismissals for failure to follow court orders have been upheld even when the plaintiff was not given explicit forewarning of dismissal).  More-

over, the magistrate judge advised Daker exactly which claims could proceed together and which ones should be filed separately. Given the clear warning and instructions, the district court did not abuse its discretion by dismissing Daker's other claims for failure to comply with its order requiring that they be filed separately.[2]

★ ★ ★

Since *Heck* does not bar § 1983 challenges to post-conviction actions of state officials that do not necessarily imply the invalidity of the underlying criminal conviction, we reverse the district court's dismissal of Daker's § 1983 claim and remand for further proceedings. We affirm the court's dismissal of Daker's other claims since the court did not abuse its discretion by requiring compliance with its order.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.

---

[2] We do not address the merits of Daker's Rule 18 and Rule 20 arguments regarding joinder because the district court acted within its discretion by dismissing Daker's claims for failure to obey its order.