[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11630

Non-Argument Calendar

_____

CEFALO LEWIS,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24278-PCH

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Cefalo Lewis, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Previously, Lewis pleaded guilty to this offense and was sentenced under the Armed Career Criminal Act. Lewis directly appealed his sentence to no avail.

Following *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Lewis filed the motion that underlies this appeal. In *Rehaif*, the Supreme Court held that § 922(g) requires that the defendant know both (1) that he possessed a firearm and (2) that he belonged to a category of persons barred from possessing a firearm. *Id.* at 2200. Lewis contended that his conviction must be vacated because the government never proved that he knew he was a felon who was barred from possessing a firearm. He also argued that his guilty-plea colloquy was deficient because it didn't apprise him that the government must prove that he knew his status as a felon. The district court denied Lewis's motion because "the evidence that he knew that he was a felon [was] overwhelming." We granted a COA to determine whether Lewis was actually innocent of his

§ 922(g)(1) conviction in light of *Rehaif* and whether Lewis's plea colloquy was deficient.[1]

To prevail on his § 2255 motion, Lewis had to show that the purported errors had a "substantial and injurious effect or influence" on the outcome of the proceeding. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quotation omitted); *Ross v. United States*, 289 F.3d 677, 682 (11th Cir. 2002) (per curiam) (applying *Brecht*'s "harmlessness" standard in a § 2255 case). Section 922(g)(1) provides that it is unlawful for any person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). To obtain a § 922(g)(1) conviction post-*Rehaif*, the government had to prove that Lewis knew he possessed a firearm and that he knew he was the type of felon described in § 922(g)(1) who is barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200. Here, the government proved only the former and not the latter.

Regardless, no substantial and injurious effect occurred to Lewis because ample record evidence indicates that he knew he was a felon. In his factual proffer, Lewis had admitted to prior convictions for at least five felonies, including armed robbery and possession of a firearm *by a convicted felon* under Florida law. Because Lewis had been sentenced to three years' imprisonment for

---

[1] When reviewing a district court's denial of a § 2255 motion to vacate, we review legal conclusions de novo and findings of fact for clear error. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).

each of those two convictions—and he served at least one of those sentences in full—he clearly knew that he was someone who had been convicted of a crime punishable by imprisonment for a term exceeding one year, *i.e.*, a felon. Given these facts, the government could have easily proved that Lewis knew he was a felon at the time that he possessed a firearm. And it is highly improbable that Lewis would have changed his decision to plead guilty even if he had known that the government would have had to prove that he knew he was a felon. Accordingly, any errors that may have occurred in Lewis's indictment and plea colloquy were harmless.

**AFFIRMED**.