[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10176

Non-Argument Calendar

_____

CARL GOLDEN,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 8:20-cv-02846-SCB-SPF,
8:18-cr-00118-SCB-SPF-1

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Carl Golden, a federal prisoner proceeding *pro se*, appeals the district court's order denying his initial 28 U.S.C. § 2255 motion to vacate his sentence for unlawful possession of a firearm and ammunition by a felon. We granted a certificate of appealability on the issue "[w]hether the district court erred in denying Golden's 28 U.S.C. § 2255 motion to vacate based solely on its finding that *Rehaif v. United States*, 139 S. Ct. 2191 (2019), does not apply retroactively to initial 28 U.S.C. § 2255 motions." On appeal, Golden argues that *Rehaif* announced a new substantive rule of law, making it retroactively applicable to cases on collateral review.[1]

This Court recently concluded that "*Rehaif* announced a new rule of substantive law that applies retroactively to . . . initial § 2255 motion[s]." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) (per curiam). Therefore, the district court erred in denying Golden's initial § 2255 motion based on its determination that *Rehaif* doesn't apply retroactively, so we reverse and remand for the district court to apply *Rehaif* to Golden's motion and to decide any other issues that the parties may raise.

**REVERSED AND REMANDED.**

---

[1] We review de novo the legal conclusions supporting a district court's denial of a § 2255 motion. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).