[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12069

Non-Argument Calendar

_____

RONALD TAI YOUNG MOON, JR.,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket Nos. 2:23-cv-08035-ACA,
2:19-cr-000324-ACA-HNJ-1

———————————————

Before ROSENBAUM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Ronald Moon, a federal prisoner proceeding *pro se* on appeal, appeals the denial of his 28 U.S.C. § 2255 motion to vacate. We granted a certificate of appealability ("COA") to determine whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*), when it failed to address Moon's claim that his appellate counsel rendered ineffective assistance by not arguing that his sentence was unreasonable.[1] Moon also raises on appeal various arguments outside the scope of his COA and asks us to expand the COA to include all of the claims he brought in his original motion to vacate. In response, the government argues that there is no basis to expand the COA, but concedes that the district court committed *Clisby* error by misconstruing Moon's ineffective-assistance claim as an effort to overcome procedural default. Instead, says the government, the district court should have construed it as a freestanding claim that his appellate counsel rendered ineffective assistance by failing to argue that his sentence was unreasonable. After careful review, we vacate and remand so that the district court can consider Moon's ineffective-assistance-of-appellate-counsel claim.

---

[1] In *Clisby*, our Court held *en banc* that district courts must resolve all claims for relief raised in a habeas motion, regardless of whether habeas relief is granted or denied. *See* 960 F.2d at 935–36.

In reviewing a district court's denial of a motion to vacate under § 2255, we review legal conclusions *de novo* and findings of fact for clear error. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). We review *de novo* the legal question of whether the district court violated *Clisby* by failing to address a claim. *See Dupree v. Warden*, 715 F.3d 1295, 1298–99 (11th Cir. 2013). The scope of our review is limited to the issues enumerated in the COA. 28 U.S.C. § 2253(c); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

As we've noted, under *Clisby*, a district court must resolve all claims for relief raised in a § 2255 motion, regardless of whether relief is granted or denied. *See* 960 F.2d at 935–36; *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009). A claim for relief is "any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. When a district court does not address all constitutional claims in a habeas petition or motion to vacate, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id*. at 938.

Here, the law is clear that the scope of our review is limited to the question enumerated in the COA -- that is, whether the district court committed *Clisby* error by denying Moon's § 2255 motion without directly addressing his claim that he was denied effective assistance of appellate counsel because his counsel failed to challenge the reasonableness of his sentence. 28 U.S.C. § 2253(c); *McKay*, 657 F.3d at 1195. Thus, to the extent Moon seeks to argue the merits of his ineffective-assistance claim or raise additional

issues beyond this claim, we lack jurisdiction to consider these arguments as outside the scope of our review. 28 U.S.C. § 2253(c); *McKay*, 657 F.3d at 1195. Moreover, to the extent Moon asks us to expand the scope of his COA to include all of the issues he raised in his § 2255 motion, he essentially is requesting that we reconsider our earlier order denying his motion for reconsideration, which is not permitted under our rules. *See* 11th Cir. Rule 27-3 ("[A] party may not request reconsideration of an order disposing of a motion for reconsideration previously filed by that party.").

As for the issue enumerated in the COA, however, we agree with the parties that the district court committed *Clisby* error when it construed Moon's ineffective-assistance claim as an attempt to anticipate the government's procedural default defense rather than as a standalone claim of ineffective assistance of counsel. *Clisby*, 960 F.2d at 935–36; *Rhode*, 583 F.3d at 1291. In his § 2255 motion, Moon expressly argued that his appellate counsel rendered ineffective assistance by failing to argue that his 360-month sentence was unreasonable on direct appeal. Although Moon raised this argument as a subclaim of his claim that his sentence was unreasonable, there is no indication that he intended to raise the claim as a preemptive attempt to overcome procedural default rather than as a freestanding constitutional claim. Nevertheless, the district court treated Moon's claim as an attempt to anticipate and overcome the government's procedural default defense. In so doing, the district court failed to address Moon's ineffective-assistance-of-appellate-counsel claim as a standalone constitutional claim, in violation of *Clisby*. *Clisby*, 960 F.2d at 935–36.

Accordingly, we vacate the district court's judgment without prejudice so that it can consider Moon's claim of ineffective assistance of appellate counsel. *Id*. at 938.

**VACATED AND REMANDED.**